## NEWMAN v. MEDDAUGH.

STATUTE OF LIMITATIONS—EVIDENCE—QUESTION FOR JURY.
Whether the statute of limitations had run against plaintiff's claim was properly left to the jury; the question depending on whether the summons was delivered to the sheriff for service on or before a certain date, on which point the testimony was conflicting.

Error to Tuscola; Beach, J. Submitted October 15, 1902. (Docket No. 61.) Decided November 11, 1902.

*Assumpsit* by Louis Newman against Stephen Meddaugh upon a promissory note. From a judgment for defendant, plaintiff brings error. Affirmed.

*Frank S. Pratt* (*Abraham J. Randall* and *Byron L. Ransford*, of counsel), for appellant.

*Quinn & Wixson, Atwood & Pulver*, and *C. P. Black*, for appellee.

MOORE, J. This action was commenced by summons dated September 30, 1901, and returnable December 1, 1901. Service was made on the defendant on the 1st day of November. The suit was brought upon a promissory note dated September 22, 1894, due on or before October 1, 1895, upon which note no payments had been made. The plea of the general issue was interposed, with notice that the note was procured without consideration. Notice of the statute of limitations was also given. The only defense the court allowed to go to the jury was the running of the statute of limitations.

The important question in the case is, Did the court err in submitting to the jury the question of whether the suit was commenced before the note was barred by the statute of limitations? On the part of the plaintiff it is insisted

that what constitutes the commencement of a suit is a question of law, and that whether the facts of a case showed a suit properly commenced would likewise be a question of law. If there were no dispute about the facts, this contention would doubtless be true. It is conceded by counsel for the defendant, and the court so instructed the jury, that if the summons was delivered to the sheriff, for the purpose of having it served, on or before October 5, 1901, the statute of limitations would not run; but the question of when the summons was placed in the hands of the sheriff is in dispute. It is the claim of the plaintiff that it was given to him for service October 4th, while defendant claims the summons was not issued at all until after October 5th, and that it was not given to the sheriff until about October 15th. The local attorney for the plaintiff testified it was given to the sheriff October 4th. He does not testify when it was issued, but admits that, upon the date it was issued, the clerk of the court, at his request, dated it back. The trial judge allowed testimony to be given of the circumstances surrounding the issuance and service of this summons. The clerk and the sheriff were both sworn as witnesses. Neither of them is at all clear in his recollection as to when the summons was issued, nor when it was given to the sheriff. The trial court submitted the question, under proper instructions, to the jury, who rendered a verdict in favor of defendant. There was an abundance of testimony upon which to base this verdict.

The other questions have been considered, but we do not deem it necessary to discuss them.

The judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.